# CIVIL COVER SHEET

JS 44 (Rev. 12/12)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Case 2:16-cv-01180-CMR   Document 1   Filed 03/11/16   Page 1 of 18

16-CV-1180

## I. (a) PLAINTIFFS
Nyesha Victoria Andrews, As Administrator of the Estate of Nyesha Lynn Andrews, Deceased

## DEFENDANTS
The United States of America

**(b)** County of Residence of First Listed Plaintiff — Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant — Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan M. Cohen, Esquire
3510 Baring Street, Philadelphia, PA 19104

Attorneys *(If Known)*
David Degnan, Esquire
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property |  / **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |
|  |  / ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 2671, et seq
Brief description of cause:
medical malpractice/wrongful death

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ IN EXCESS OF $150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE Honorable Cynthia Rufe
DOCKET NUMBER 14-cv-4337

DATE: 03/10/2016
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

MAR 11 2016

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **Philadelphia**

Address of Defendant: **Philadelphia**

Place of Accident, Incident or Transaction: **Philadelphia**
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☐

RELATED CASE, IF ANY:
Case Number: **14-CV-4337**   Judge **Cynthia Rufe**   Date Terminated: **N/A**

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☒  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) **28 USC Section 2671**

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

---

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, **Jonathan N. Cohen**, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: **3/10/16**   Attorney-at-Law **Jonathan N. Cohen**   Attorney I.D.# **69062**

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   Attorney-at-Law _____   Attorney I.D.# _____

CIV. 609 (5/2012)

MAR 11 2016

MAR 11 2016

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Nyesha Victoria Andrews, As
Administrator of The Estate of
Nyesha Dawn Andrews, Deceased
v.
United States of America

CIVIL ACTION

NO. 16 1180

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) (✓)

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

3/10/16     [signature]     Attorney for Plaintiff
**Date**     **Attorney-at-law**

215-592-4445     215-592-4080     Jonathan.Cohen@JMCESQ.com
**Telephone**     **FAX Number**     **E-Mail Address**

(Civ. 660) 10/02



MAR 11 2016

#400

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NYESHA VICTORIA ANDREWS<br>As Administrator of the Estate of Nyesha<br>Dawn Andrews,<br>　　　　　　Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br>　　　　　　Defendant | Civil Action No. 16   1180 |

## CIVIL ACTION COMPLAINT

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C § 1346, in that the Plaintiff has brought suit against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. The two institutional and one individual actor whose conduct (along with that of defendants named in the companion case of <u>Estate of Andrews, et al., v. Hospital of University of Pennsylvania, et al.</u>, Docket No. 14-4337, United States District Court for the Eastern District of Pennsylvania) forms the basis of Plaintiff's claim are deemed to be federal agencies and employees pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(c). Further, this Court has supplemental jurisdiction over the Plaintiff's state law claims herein pursuant to 28 U.S.C. § 1367.

2. Venue properly lies in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2), in that the conduct giving rise to the Plaintiff's claims herein occurred within the geographical boundaries of the Eastern District of Pennsylvania.

## THE PARTIES

3. Plaintiff, Nyesha Victoria Andrews, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 918 Carver Street, Philadelphia, Pennsylvania 19124. Nyesha Victoria Andrews is the mother of Nyesha Dawn Andrews, deceased ("Plaintiff's Decedent") and the Administrator of the Estate of Nyesha Dawn Andrews, Deceased. Nyesha Victoria Andrews as appointed Administrator of the Estate of Nyesha Dawn Andrews by the Philadelphia County Register of Wills on May 18, 2012. See copy of Letters of Administration attached hereto as Exhibit "A."

4. Plaintiff's Decedent died in her home, located at 918 Carver Street, Philadelphia, Pennsylvania, on July 18, 2011.

5. Aria Mercedes Sharps is a minor and a citizen of the Commonwealth of Pennsylvania, residing at 12003 Ferndale Street, Philadelphia Pennsylvania 19116. Aria Sharps is the natural child of Plaintiff's Decedent.

6. Martin Sharps is an adult individual and a citizen of the Commonwealth of Pennsylvania, residing at 12003 Ferndale Street, Philadelphia Pennsylvania 19116. Martin Sharps is the father and natural guardian of Aria Mercedes Sharps.

7. At all times relevant herein, Greater Philadelphia Health Action ("GPHA"), was a corporation and/or other business entity which is a licensed professional health care provider under the MCARE Act, organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 432 North 6th Street, Philadelphia, Pennsylvania, which acted at all times relevant hereto through its duly authorized agents, and/or employees, and/or independent contractors, and/or ostensible agents.

8. At all times relevant herein, Frankford Avenue Health Center ("Frankford") was a corporation and/or other business entity which is a licensed professional health care provider under the MCARE Act, organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 4500 Frankford Avenue, Philadelphia, Pennsylvania, which acted at all times relevant hereto through its duly authorized agents, and/or employees, and/or independent contractors, and/or ostensible agents.

9. At all times relevant herein, Stepanie M. Green ("Green") was a midwife and healthcare provider under the MCARE Act, maintaining offices at 4500 Frankford Avenue, Philadelphia, Pennsylvania.

10. Pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(c), GPHS, Frankford and Green are deemed to be federal agencies and employees.

11. Pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(c), all claims for medical negligence against GPHS, Frankford and Green are to be brought against the United States and under the Federal Tort Claims Act. 28 U.S.C. § 2671, et seq.

12. Claims being made against GPHS, Frankford and Green are professional liability claims.

13. At all times relevant herein, GPHS, Frankford and Green's conduct, combined with that of the Hospital of the University of Pennsylvania, University of Pennsylvania Health System, The trustees of the University of Pennsylvania, Kolin Hoff, M.D., Gayle Mitura, CRNP and Jayme Ewanichak, RN, who are named Defendants in the companion case of Estate of Andrews, et al., v. Hospital of University of Pennsylvania, et al., Docket No. 14-4337, United States District Court for the Eastern District of Pennsylvania, to cause injury and damages to Decedent Nyesha Dawn Andrews, as described below, including death of Decedent.

## OPERATIVE FACTS

14. Decedent, Nyesha Dawn Andrews, was born on November 16, 1986.

15. In 2009, Decedent became pregnant with her first and only child, Aria Mercedes Sharps, who was born on August 6, 2009.

16. During the course of Decedent's pregnancy, she obtained prenatal care from companion-case defendant Hospital of the University of Pennsylvania.

17. On or about March 18, 2009, in connection with treatment provided by companion-case defendant Hospital of the University of Pennsylvania, Decedent was noted to have an enlarged thyroid.

18. In April of 2009, Decedent was diagnosed as having Graves disease.

19. On August 6, 2009, Decedent gave birth to her daughter Aria Mercedes Sharps by means of vaginal delivery.

20. On August 8, 2009, Decedent was discharged from the Hospital of the University of Pennsylvania in "good" condition.

21. Decedent was given a prescription for Propylthiouracil to treat her Graves disease. Records show that she filled the prescription on June 24, 2009 and refilled it on December 1, 2009.

22. On or about January 3, 2011, Decedent underwent routine blood work, which included an evaluation of her thyroid levels.

23. The January 3, 2011 lab work revealed that Decedent had an unbound thyroxine (T4, Free) level of 4.9 ng/dL (nanograms per deciliter). The normal value for an adult is between .8 and 1.8 ng/dL.

4

24. The January 3, 2011 lab work also revealed that the Decedent's Triiodothyronine (T3, Total) level was 767 ng/dL. The normal value for an adult is between 76 and 181 ng/dL.

25. The labs taken on January 3, 2011 reveal dangerously high levels resulting from Decedent's overactive Thyroid gland.

26. The results of labs taken on January 3, 2011 are clear evidence of an oncoming "thyroid storm" and the desperate need for immediate medication and medical treatment.

27. Despite evidence that Decedent was entering a "thyroid storm," she was given an appointment to follow-up with her endocrinologist that was not scheduled to take place until April of 2011, more than three months away.

28. On January 10, 2011, Decedent made a telephone call to her primary care provider, Frankford. At that time she had complaints of sweating, heart palpitations and coughing.

29. Decedent was advised that the appropriate referral form was being prepared and that she could be seen the following day. At the time of Decedent's January 10, 2011, phone call to Frankford, Frankford, GPHS and/or Green knew that Decedent had not taken Propylthiouracil since October or November of 2010.

30. On January 11, 2011, Decedent appeared at Frankford but was not seen by any health care providers at the Hospital of the University of Pennsylvania because she lacked the proper referral form which had not been received from Frankford Avenue Health Center.

31. On January 11, 2011, Decedent advised Frankford that she was feeling jittery, her heart was skipping and racing, she was having heat intolerance and she had flu-like symptoms, including sore throat, lightheadedness, coughing and sneezing.

32. On January 11, 2011, companion-case defendant Hoff made a note in Decedent's medical records that she should not take Theraflu as a result of her hyperthyroidism. Hoff also noted that Decedent had to be seen in order to be treated.

33. Although Decedent was not treated by any health care providers on January 11, 2011, she did have blood work performed on that date.

34. The January 11, 2011 blood work showed that the Decedent's Thyroxine (T4) level was 22.27 micrograms per deciliter (μg/dL). The normal value for an adult is between 4.6 and 12.00 μg/dL.

35. The January 11, 2011 blood work also showed that the Decedent's unbound Thyroid Binding Globulin (T3 Uptake) and Free Thyorxine Index (FTI) were both dangerously elevated.

36. After Decedent was turned away by her health care providers on January 11, 2011, she was again promised that the appropriate paperwork and referrals would be completed and she made another appointment to see the endocrinologist on January 13, 2011.

37. At all times relevant hereto, the endocrinologist, all other companion-case defendants and GPHS, Frankford and Green knew or should have known of the results of lab work from January 3 and January 11 and knew or should have known of the immediate risk of the "thyroid storm" which Decedent had entered.

38. On or about January 13, 2011, Decedent returned to the office of companion-case defendant endocrinologist Huff. She was again turned away as a result of not having the appropriate referral. She remained in the doctor's office and called Frankford, but the Health Center never provided the referral.

6

39. Over the next several days, Decedent's condition continued to worsen. On January 18, 2011, Decedent's mother, Plaintiff Nyesha V. Andrews, was unable to contact her daughter by telephone. Plaintiff contacted a nearby friend to go and nock on the door to check on the condition of Decedent and her 18-month-old daughter.

40. When the family friend came in he found Decedent in bed and unresponsive. Shortly after, Plaintiff arrived at Decedent's home and found Decedent to be unresponsive, cold and stiff. Decedent's 18-month-old child was on the floor beside the bed in which Decedent was found.

41. Decedent Nyesha Dawn Andrews was pronounced dead in her home on January 18, 2011 at approximately 2:20 P.M. Her death certificate states that complications from Graves disease is the cause of death.

42. As a direct and proximate result of the negligence of GPHS, Frankford and Green, as well as that of companion-case defendants, Nyesha Dawn Andrews, Deceased, suffered injuries, including but not limited to:

   a. agitation;

   b. confusion;

   c. fever;

   d. diarrhea;

   e. racing and/or pounding heart;

   f. sweating;

   g. thyroid Storm;

   h. death;

   i. pain and suffering;

     j. mental anguish;

     k. humiliation;

     l. disfigurement;

     m. emotional distress;

     n. wage and earning capacity loss;

     o. medical expenses;

     p. loss of life's pleasures; and

     q. economic losses.

43. As a direct and proximate result of the Defendants' negligence, Nyesha Dawn Andrews died.

## COUNT I – NEGLIGENCE
**Plaintiff Nyesha Victoria Andrews, as the Administrator of the Estate of Nyesha Dawn Andrews, Deceased, v. Defendant United States of America**

44. The preceding paragraphs are incorporated by reference as though fully set forth herein.

45. The harm to and the death of Nyesha Dawn Andrews, Deceased, and the losses directly related to that harm and death were the proximate result of the negligence and carelessness of Stephanie Green, either individually and/or by and through her respective agents, and or servants, and/or employees, and/or independent contractors, and/or ostensible agents acting through and within the course and scope of their employment, consisting of, but not limited to, one or more of the following:

     a. failing to properly and timely diagnose and treat the Decedent's "thyroid storm;"

8

    b. failing to adequately monitor levels of the Decedent's lab results;

    c. failing to timely refer Decedent for follow-up with the appropriate specialist;

    d. failing to provide Decedent with referral forms;

    e. failing to recognize and react to the risk a "thyroid storm" despite knowing Decedent's significant history of thyroid disease;

    f. failing to provide timely examination and treatment of Decedent when her lab results from January 3, 2011, indicated the need for immediate care, yet she was given an appointment for several months away;

    g. failure to prevent harm to, and death of Decedent.

46. Plaintiff and Plaintiff's Decedent relied upon the Stephani Green's medical knowledge, expertise, advice, treatment, diagnostic techniques and care throughout the course of Decedent's treatment. Stephanie Green failed to exercise reasonable care and was careless and negligent in his/her/their undertaking, increasing the risk of harm to the Decedent and/or causing her injuries and death which occurred on January 18, 2011.

    WHEREFORE, Plaintiff Nyesha Victoria Andrews as the Administrator of the Estate of Nyesha Dawn Andrews, Deceased requests judgment in her favor and against Defendant United States of America, jointly and severally, for an amount in excess of One Hundred and Fifty Thousand ($150,000) Dollars and local arbitration limits, together with costs and compensation for delay and any other relief the Court deems appropriate.

## COUNT II – CORPORATE LIABILITY
**Plaintiff Nyesha Victoria Andrews, as the Administrator of the Estate of Nyesha Dawn Andrews, Deceased v. Defendant United States of America**

47. The preceding paragraphs are incorporated by reference as though fully set forth herein.

48. In addition to those averments of negligence and carelessness set forth above, Defendant United States of America, acting through GPHS and Frankford, is liable to the Plaintiff pursuant to the doctrine of corporate liability, as recognized by the Supreme Court of Pennsylvania in Thompson v. Nason Hospital, 527 Pa. 330, 591 A.2d 703 (1991), and its progeny.

49. The United States of America is liable to the Plaintiff pursuant to the doctrine of corporate negligence on the basis of the GPHS and Frankford's acts of negligence and carelessness including the following:

  a. failure to use reasonable care in the maintenance of safe and adequate facilities at Frankford Avenue Health Center;

  b. failure to select and retain competent physician and nursing personnel participating in the rendition of medical care at Frankford Avenue Health Center;

  c. failing to ensure that physician and nursing personnel, resident physicians and staff participating in Decedent's treatment and care, including Stephanie Green, were appropriately knowledgeable, experienced and trained in the management, diagnosis, treatment, treatment options regarding assessment of patients presenting with high thyroid levels as confirmed by lab results which indicate a "thyroid storm;"

d. failing to oversee all persons, including the individually named Stephanie Green, and any/all physicians and/or other personnel including nursing, technical personnel, and lab personnel, where the identities of such persons beyond those individually named herein remain unknown at this time, who practiced medicine within the walls of the Frankford Avenue Health Center during the course of Decedent's medical care and treatment, including assessment and treatment of Decedent's high thyroid levels as shown by lab results taken on January 3, 2011, treatment options, diagnostic testing, laboratory evaluations and other related conditions up until the time of her death;

e. failing to formulate, adopt, and enforce adequate rules and policies to ensure the availability of properly qualified medical care personnel, including but not limited to physicians, consulting physicians, resident physicians and staff for the evaluation and management of Frankford Avenue Health Center patients requiring care from the department of endocrinology presenting with symptoms of "thyroid storm;"

f. failing to formulate, adopt and enforce adequate rules and policies to ensure quality care for all patients with elevated thyroid levels who are at risk for "thyroid storm;"

g. failing to select and retain only competent physicians, nurses and others; and

h. failing to oversee all persons who practice medicine and health care within their walls as to patient care;

i. failing to maintain adequate policies and procedures regarding he procurement and delivery of referral forms for necessary and/or urgently needed care.

50. At all times relevant hereto, the GPHS and Frankford had actual or constructive notice of the defects of their procedures and policies, as references in the preceding paragraph, that created the injuries and losses for which the Plaintiff claims damages herein.

WHEREFORE, Plaintiff Nyesha Victoria Andrews as the Administrator of the Estate of Nyesha Dawn Andrews, Deceased requests judgment in her favor and against Defendant United States of America, jointly and severally, for an amount in excess of One Hundred and Fifty Thousand ($150,000) Dollars and local arbitration limits, together with costs and compensation for delay and any other relief the Court deems appropriate.

## COUNT III – WRONGFUL DEATH
**Plaintiff Nyesha Victoria Andrews, as the Administrator of the Estate of Nyesha Dawn Andrews, Deceased v. Defendant United States of America**

51. The preceding paragraphs are incorporated by reference as though fully set forth herein.

52. This action is brought pursuant to the Wrongful Death Act of the Commonwealth of Pennsylvania at 1955 P.L. 309, as amended, 42 Pa.C.S.A. §8301, et seq.

53. The Decedent Nyesha Dawn Andrews dies on January 18, 2011, and had not brought an action in her lifetime for her personal injuries.

54. The personal injuries and death of the Decedent were a direct and proximate result of the conduct of GPHS, Frankford and Green, along with the aforementioned companion-case defendants named in Estate of Andrews, et al., v. Hospital of University of Pennsylvania, et al., Docket No. 14-4337, United States District Court for the Eastern District of Pennsylvania.

55. Decedent left surviving her the following persons entitled to recover damages for her death, pursuant to 42 Pa.C.S.A. §8301 on whose behalf this action is brought:

   a. Nyesha Victoria Andrews – Mother of Decedent

   b. Jerome Johnson – Father of Decedent

   c. Aria Mercedes Sharps, minor – Daughter of Decedent (Nyesha Victoria Andrews has been appointed as the guardian of the Estate of Aria Mercedes Sharps, a minor).

56. By reason of the foregoing injuries and death of Decedent, the aforesaid persons have suffered and herein make claim for all permissible damages recoverable pursuant to the Wrongful Death Act of the Commonwealth of Pennsylvania at 1955 P.L. 309, as amended, 42 Pa.C.S.A. §8301, et seq., including but not limited to loss of Decedent's financial support, future earnings, future earning capacity, services, comfort, funeral expenses and expenses for the administration of the estate of decedent with the total earnings which would have been earned by Nyesha Dawn Andrews throughout her working life expectancy.

57. By reason of the injuries and death of Decedent, claim is made for the damages of hospital bills, nursing bills, funeral expenses and expenses in the administration of the estate necessitated by reason of the injuries causing Decedent's death and any and all damages recoverable under the Wrongful Death Act.

WHEREFORE, Plaintiff Nyesha Victoria Andrews as the Administrator of the Estate of Nyesha Dawn Andrews, Deceased requests judgment in her favor and against Defendant United States of America, jointly and severally, for an amount in excess of One Hundred and Fifty Thousand ($150,000) Dollars and local arbitration limits, together with costs and compensation for delay and any other relief the Court deems appropriate.

## COUNT IV – SURVIVAL ACTION
### Plaintiff Nyesha Victoria Andrews as the Administrator of the Estate of Nyesha Dawn Andrews, Deceased v. Defendant United States of America

58. The preceding paragraphs are incorporated by reference as though fully set forth herein.

59. The injuries and death of Nyesha Dan Andrews on January 18, 2011, were a direct and proximate result of the negligence and conduct of GPHS, Frankford and Green, along with the aforementioned companion-case defendants named in Estate of Andrews, et al., v. Hospital of University of Pennsylvania, et al., Docket No. 14-4337, United States District Court for the Eastern District of Pennsylvania.

60. By reason of the foregoing premises as aforesaid, Plaintiff believes and avers that Decedent sustained great fright, anguish, emotional distress, fear of death, disfigurement, mortification, devastating conscious pain and suffering prior to her death for which claim is made.

61. By reason of the foregoing premises, the Estate of Nyesha Dawn Andrews, Deceased, claims all damages sustained by Decedent which are recoverable against all named Defendants as aforementioned under and pursuant to the Pennsylvania Survival Statute, 42 Pa.C.S.A. §8302, including loss of earnings, earning power, earning capacity, pain and suffering and emotional distress.

WHEREFORE, Plaintiff Nyesha Victoria Andrews as the Administrator of the Estate of Nyesha Dawn Andrews, Deceased requests judgment in her favor and against Defendant United States of America, jointly and severally, for an amount in excess of One Hundred and Fifty

Thousand ($150,000) Dollars and local arbitration limits, together with costs and compensation for delay and any other relief the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury as to each count.

Date: 3-10-16

JONATHAN M. COHEN, L.L.C.

By: _____
Jonathan M. Cohen, Esquire
JONATHAN M. COHEN, L.L.C.
3510 Baring Street
Philadelphia, PA  19104
(215) 592-4445 – Telephone
(215) 592-4080 - Facsimile
Attorney for Plaintiff